UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEAYMON D. GARRIS, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 20-cv-2718 |
| : | |
| MICHAEL SALTERS, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                     **June 11, 2021**
**United States District Judge**

      Plaintiff Keaymon D. Garris, a prisoner currently incarcerated at Lehigh County Jail, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations that he has been denied access to the courts in violation of the First and Fourteenth Amendments. He also seeks to proceed *in forma pauperis* and asks the Court to appoint counsel on his behalf. For the following reasons, the Court grants Garris leave to proceed *in forma pauperis*, dismisses his Complaint for failure to state a claim, and denies his request for counsel.

**I.    FACTUAL ALLEGATIONS**[1]

      The Complaint names the following Defendants, all of whom are employees of the Lehigh County Jail: (1) Michael Salters, Treatment Supervisor; (2) Douglas Matte, Treatment Supervisor; (3) Steve Miller, Treatment Supervisor; and (4) Kyle Russell, the Warden. *See* Compl. 2-3. The Defendants are sued only in their official capacities. *Id*. Garris seeks to assert a First Amendment access to the courts claim pursuant to 42 U.S.C. § 1983, and a due process

---

[1] The allegations are taken from Garris's Complaint and attached exhibits. *See* Compl., ECF No. 2.

challenge under the Fourteenth Amendment. *Id.* at 3.  In support of these claims, Garris's Complaint alleges only that he is "suffering 'actual injury' because [his] defense is [being] hampered due to major delays in getting proper legal resources[,]" *id.* at 5, and that the Defendants "hinder[] [his] ability to conduct 'adequate meaningful research' and [his] right of access to courts must be freely exercisable by a prisoner without hinderance or fear of retaliation." *Id.* at 7.

Beyond these generalized assertions, Garris's Complaint is sparse and does not contain any additional factual allegations regarding the "who, what, when, where, and why" of the events that make up the basis for his claims.  Instead, Garris attached to the Complaint approximately fifty (50) pages worth of exhibits. *Id.* at 12-61.  These exhibits consist solely of multiple copies of a single form entitled "Lehigh County Department of Corrections Doc #4 Inmate's Request to Staff" that Garris submitted from November of 2019 through April of 2020, requesting printouts of various legal materials including copies of case law and various court rules as well as particular court forms and petitions. *Id.*  It is challenging for the Court to process a Complaint based almost exclusively on exhibits attached to the Complaint, rather than simple, precise, and direct allegations in numbered paragraphs as contemplated by the Federal Rules of Civil Procedure.  However, the Court has reviewed these documents in an attempt to understand the events that give rise to Garris's potential claims.

From a review of these documents, it appears that Garris requested these legal materials in connection with the preparation of his defense in his underlying criminal case in the Lehigh County Court of Common Pleas where Garris is proceeding *pro se* following the removal of his court appointed attorney.  *See id.* at 56, 60; *see also Commonwealth v. Garris*, CP-39-CR-

0004995-2018 (C.P. Lehigh) at 5, 9, 19.[2]  The Court's review of these exhibits also reflects that Garris was sometimes successful in obtaining the materials that he requested.  *See* Compl. 25-32, 36-46 (providing Garris with copies of various court rules and forms he requested).  However, at other times Garris did not receive the printouts or copies he requested either because they could not be located, *see id.* at 47-48, or because inmates were not entitled to free printouts or copies of certain legal materials and were instructed to take notes via pencil and paper.  *See, e.g., id.* at 33-34 (denying Garris's request for "Pa. R. Crim. P. 572 Bill of Particulars" and explaining that Garris "must make legal copies using the electronic Lexis Nexis law library on [his] housing unit (via pencil and tablet paper)" because "only petitions are provided to all inmates for free"); *see also id.* at 35.

The Court understands the basic thrust of Garris's Complaint to allege, essentially, that his inability to receive copies or printouts of certain legal materials constitutes a violation of his First Amendment right of access to the courts as well as a due process violation under the Fourteenth Amendment.  He seeks damages for these alleged violations.

## II.  STANDARD OF REVIEW

The Court will grant Garris leave to proceed *in forma pauperis*[3] because it appears that

---

[2]     The docket in Garris's criminal matter reflects that his court appointed counsel was removed on approximately May 31, 2019 and that he has represented himself since that time.  *Commonwealth v. Garris*, CP-39-CR-0004995-2018 (C.P. Lehigh) at 9.  However, it appears that Garris was later appointed standby counsel.  *Id.* at 19.  Trial in Garris's criminal matter is currently set for July 6, 2021.  *Id.* at 3.

[3]     At the time Garris initiated this matter on June 9, 2020, he failed to file a copy of his prisoner account statement for the six-month period prior to filing this action.  By Order dated July 9, 2020, the Court denied Garris's original request to proceed *in forma pauperis* without prejudice based on this failure, and directed Garris to either pay $400 to the Clerk of Court or to file a certified copy of his prisoner account statement within thirty days.  (ECF No. 5 at 1-2.)  When Garris again failed to submit a certified copy of his prisoner account statement, the Court issued a second Order dated December 18, 2020, again directing him to do so within thirty days

he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Garris is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). For the following reasons, Garris has failed to allege a plausible constitutional violation here.

#### A.  Official Capacity Claims

Garris is suing the Defendants, all of whom are employees of the Lehigh County Jail, solely in their official capacity. Official capacity claims are indistinguishable from claims

---

or to pay the filing fee. ECF No. 10 at 1-2. Garris subsequently filed two copies of his Prisoner Trust Fund Account Statement ECF Nos. 11, 12 which are now properly before the Court for review.

[4]   However, as Garris is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

against the entity that employs the officials.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)).  Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*  Accordingly, Garris's official capacity claims against employees and officials of Lehigh County Jail are essentially claims against the employing municipality, Lehigh County.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"  *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  For a custom to be the proximate cause of an injury, the municipality must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Nothing in the Complaint alleges that Garris's inability to receive certain printouts or copies of various legal materials was the result of a municipal policy or custom.  Accordingly,

Garris has failed to state plausible official capacity claims against the Defendants. However, even liberally construing Garris's pleading to raise a challenge to the "policy' highlighted in the exhibits not to provide free printouts or copies of certain legal materials, his claims regarding access to the courts also fail for the reasons set forth below.

### B. Denial of Access to the Courts

Construed liberally, Garris's Complaint could also be understood to allege claims against the Defendants in their individual capacities. Specifically, Garris claims that he was denied access to the courts when he did not receive copies and printouts of certain legal materials he requested while at Lehigh County Jail which hindered his ability to prepare a defense in his criminal case. "The Constitution guarantees prisoners a 'right of access to the courts.'" *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis*, 518 U.S. at 350). "Actual injury occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*.

Garris has not stated a plausible claim for denial of access to the courts. Initially, to be liable under § 1983, the "defendant[s] in a civil rights action must have personal involvement in the alleged wrongs." *See Rode*, 845 F.2d at 1207. Garris's Complaint does not allege how each Defendant was personally involved in the alleged violation of his constitutional rights. Garris failed to allege what each Defendant did or did not do that caused him harm in connection with

his inability to obtain printouts and copies of legal materials while he was incarcerated. Garris simply relies on the exhibits attached to the Complaint, but these forms, without specific factual allegations explaining the who, what, when, where, and how, are insufficient to demonstrate personal involvement by any of the named Defendants. *Cf. Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (recognizing that attaching documents to grievance forms is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts)).

Moreover, the Complaint does not adequately describe the underlying cause of action Garris is pursuing. Although it seems most likely that Garris is trying to pursue a defense in his underlying criminal matter in light of his *pro se* status in that proceeding, he does not clearly allege that in his Complaint. Additionally, Garris has not specifically described a non-frivolous challenge to his ongoing prosecution that he was unable to pursue because he lacked specific printouts. Accordingly, he has not satisfied the pleading standard because it is not clear that he has been prevented from pursing any nonfrivolous claims in that proceeding as a result of the Defendants' actions.[5] Even if he had made specific allegations on that issue, the exhibits make clear that Garris has had regular, repeated access to the law library, can access Lexis Nexis materials and other legal resources he may need by way of the prison's electronic databases, and has received a number of forms and petitions he has requested while incarcerated. It is not clear how his inability to receive certain other printouts or copies for free from the prison—while perhaps inconvenient because it required him to take notes with pencil and paper—meaningfully hinders his ability to prepare his defense.[6] *See Samuels v. Algarin*, Civ. A. No. 17-5679, 2018

---

[5]   This is particularly true in light of the fact that Garris is still awaiting trial in that action, which is currently set for July 6, 2021.

[6]   To the extent Garris seeks to allege a due process violation under the Fourteenth Amendment, the Complaint is not clear with respect to the contours of any such claim and the facts that would support it. Accordingly, that claim will be dismissed without prejudice.

WL 843148, at *2 (E.D. Pa. Feb. 9, 2018) (dismissing inmate's access to the courts claim and noting that it was unclear how an inmate's "inability to physically possess . . . Lexis Advance materials" hindered "his ability to pursue his claims").

In its current form, Garris's Complaint fails to allege sufficient facts to state a plausible claim and will be dismissed pursuant to § 1915(e)(2)(B)(ii).  However, the United States Court of Appeals for the Third Circuit has held that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).  Accordingly, the dismissal of Garris's claims is without prejudice, and he is granted leave to file an amended complaint if he is able to set forth sufficient facts to cure the defects identified above.

### IV.     CONCLUSION

For the foregoing reasons, the Court dismisses Garris's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Garris's claims are dismissed without prejudice to Garris's right to file an amended complaint within thirty (30) days.  Garris's Request for Appointment of an Attorney, ECF No. 3, is denied without prejudice.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

An appropriate Order follows.

                                         **BY THE COURT:**

                                         */s/ Joseph F. Leeson, Jr.*
                                         **JOSEPH F. LEESON, JR.**
                                         **United States District Judge**